# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ERICSSON INC. and TELEFONAKTIEBOLAGET LM ERICSSON, <br>  Plaintiffs, <br><br> v. <br><br> TCL COMMUNICATION TECHNOLOGY HOLDINGS, LTD., TCT MOBILE LIMITED, and TCT MOBILE (US), INC., <br><br>  Defendants. | CIVIL ACTION NO. <br><br> 2:14-cv-00667-RSP <br><br><br><br><br> JURY TRIAL DEMANDED |

### ERICSSON'S RESPONSE TO DEFENDANTS' EMERGENCY MOTION TO STAY PROCEDURAL SCHEDULE FOR CLAIM CONSTRUCTION DISCLOSURES, CLAIM CONSTRUCTION BRIEFING, AND MARKMAN HEARING

TCL points to the upcoming deadline for the parties to exchange claim terms to justify an "emergency" stay of the Court's claim construction deadlines. To be clear, there is only one upcoming deadline in this case: Patent Rule 4-1, which requires only that the parties exchange a list of proposed claim terms to be construed. The exchange of claim terms is hardly a difficult task and certainly does not amount to an "emergency." TCL has known about this deadline since the case began, yet it waited until after the close of business *yesterday* (December 16) to file its motion, along with a request for expedited briefing that demands a substantive response from Ericsson no later than *tomorrow* (December 18).

TCL's motion is premised solely on the grounds that a stay will "preserve judicial and party resources" because there is a pending motion to transfer. Dkt. No. 77.  It will not. Ericsson will assert these patents against TCL, and the parties will exchange claim terms—the only question is in which suit. Even assuming *arguendo* TCL's argument that this case should be transferred to California—an argument with which Ericsson disagrees (*see* Dkt. No. 36)[1]—the

---

[1] Despite TCL's bluster regarding the likelihood of success of its transfer motion, Ericsson feels equally strong about the merits of its position.  Nevertheless, Ericsson declines to re-hash fully briefed transfer arguments.

McKool 1069272v2

preliminary exchange of claim terms would transfer as well. TCL therefore offers no good reason that a stay would conserve judicial resources. But if Ericsson is correct and the case is ***not*** transferred to California—or only certain claims are transferred to California—TCL's proposed course of action would throw off the entire schedule in this case, pushing back the *Markman* hearing and trial dates—and thereby thwarting judicial economy.

There is no emergency here. Other than the scheduled exchange of claim term lists on Friday of this week, the *Markman* deadlines are still months away.  Preliminary constructions are not scheduled to be exchanged until late January, the joint claim construction statement is not due until mid-February, and the parties opening briefs are not due until mid-March.  The *Markman* hearing will not take place until April 29, 2014, nearly ***four and a half months from now***.  These deadlines are not imminent.  And just like the P.R. 4-1 claim term exchange, the other claim construction exchanges must be completed one way or the other, whether in Texas or California. TCL's *expedited* motion is only an effort to *delay* adjudication of the underlying dispute between the parties—that TCL continues to use Ericsson's technology without a license.

Indeed, the only item that has impacted judicial economy is TCL's filing of this motion on an emergency basis just prior to the holidays, particularly when TCL has been aware of the P.R. 4-1 deadline since this case began.  There is no emergency and TCL's demand that Ericsson submit a response within one day is unreasonable.  Nevertheless, Ericsson has chosen to file its response now—only hours after TCL filed its emergency motion—in order to avoid the need for the Court to consider TCL's motion for expedited briefing.

In conclusion, Ericsson understands that the Court will rule on TCL's motion in due course but, in the interim, respectfully submits that the parties should abide by the current deadlines in the Court's docket control order.

Dated: December 17, 2014       Respectfully submitted,

**MCKOOL SMITH, P.C.**

By: */s/Theodore Stevenson*
Theodore Stevenson, III, Lead Attorney
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
Jared M. Hoggan
Texas Bar No. 24065435
jhoggan@mckoolsmith.com
Nicholas Mathews
Texas Bar No. 24085457
nmathews@mckoolsmith.com
Warren Lipschitz
Texas State Bar No. 24078867
wlipschitz@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas  75201
Telephone:  (214) 978-4000
Telecopier:  (214) 978-4044

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
P.O. Box O
Marshall, Texas 75671
Telephone: (903) 927-2111
Fax: (903) 927-2622

Laurie Fitzgerald
Texas State Bar No. 24032339
lfitzgerald@mckoolsmith.com
Kristina Baehr
Texas State Bar No. 24080780
kbaehr@mckoolsmith.com
Lori Karam
lkaram@mckoolsmith.com
Texas State Bar No. 24080970
300 West 6th Street, Suite 1700
Austin, Texas 78701
Telephone:  (512) 692-8700
Telecopier:  (512) 692-8744

**ATTORNEYS FOR PLAINTIFFS
ERICSSON INC. and
TELEFONAKTIEBOLAGET   LM   ERICSSON**

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a) on December 17, 2014.

                                                                       */s/ Nicholas Mathews*